20-3911-cv
*Nuzzo v. Devine*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

Jeffrey Nuzzo,

        *Plaintiff-Appellant,*

      v.                                 20-3911

Sergeant Devine, 148, Trooper Warren, 649,

        *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:          Jeffrey Nuzzo, pro se, North Haven, CT.

FOR DEFENDANTS-APPELLEES:       Robert B. Fiske, III, Carmel A. Motherway, Assistant Attorneys General, Clare Kindall, Solicitor General, *for* William Tong, Attorney General of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Meyer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Through counsel, Jeffrey Nuzzo sued Connecticut State Police Sergeant Mark Devine and Trooper Matthew Warren, asserting excessive force claims under 42 U.S.C. §§ 1983 and 1988, based on their failure to intervene when two police dogs—at the direction of two other state troopers not named as defendants—secured him during an arrest at his home. During his bench trial, Nuzzo testified that he had peacefully surrendered to the arrest and that the defendants and others held him on the ground while the dogs attacked him. The defendants and other troopers present at the scene testified that Nuzzo was resisting arrest, not obeying commands, and was believed to be armed. The district court credited the accounts of the defendants (and the other troopers who testified) as to what transpired, expressly declined to credit Nuzzo's contrary account, and granted judgment for the defendants. The court held that Nuzzo had failed to demonstrate by a preponderance of the evidence that the dogs' attack was an excessive use of force in violation of the Fourth Amendment or, even if it was, that the defendants acted unreasonably by failing to intervene. *See Nuzzo v. Devine*, 494 F. Supp. 3d 232 (D. Conn. 2020). Nuzzo, now proceeding pro se, appeals.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] Nuzzo also moves to supplement the record on appeal with new evidence. Upon due consideration, that motion is DENIED. *See Loria v. Gorman*, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002) ("Ordinarily, material not included in the record on appeal will not be considered." (citation omitted)).

We review a district court's findings of fact after a bench trial for clear error and its conclusions of law de novo. *Process Am., Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 141 (2d Cir. 2016). On clear error review, we may not second guess a trial court's credibility assessments. *Principal Nat'l Life Ins. Co. v. Coassin*, 884 F.3d 130, 138 (2d Cir. 2018). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id*. (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)).

We reject Nuzzo's argument that the district court erred by crediting the testimony of the defendants and other defense witnesses, which Nuzzo argues was false and inconsistent with other evidence. The troopers consistently testified that Nuzzo did not obey loud, repeated commands to show them his hands and get on the ground, and that even when he was brought to the ground and commanded to "stop resisting," he resisted being handcuffed by placing his hands under his body and rolling from side to side.

Contrary to Nuzzo's arguments on appeal, the photographic evidence and medical records in evidence do not show that the district court clearly erred in crediting this testimony. Notes from the Middlesex Hospital emergency room state that when Nuzzo arrived at the hospital, he had nine puncture wounds and many abrasions on his left lower back. Photographs submitted by Nuzzo at trial likewise show numerous scratch wounds across his back. It is undisputed that these injuries occurred when two police officers—but not, Nuzzo concedes, the defendants in this case— instructed their police dogs to secure Nuzzo. Nuzzo argues that this evidence contradicts the troopers' version of events because (according to Nuzzo) the bite wounds he suffered are inconsistent with the troopers' testimony that he was resisting arrest when the officers directed their dogs to secure him. But we are not convinced that there is any discrepancy between the

3

troopers' testimony and this evidence—much less any discrepancy that would permit us to conclude that the district court clearly erred in crediting the troopers' testimony.

The only legal argument in Nuzzo's opening brief concerns qualified immunity, an issue that the district court did not reach because it concluded that the defendants had not used excessive force against in Nuzzo in violation of the Fourth Amendment. Nuzzo does not argue that the district court erred as a matter of law in finding that the defendants did not violate the Fourth Amendment and has thus waived any such argument. *See Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (noting that although this Court affords pro se litigants "some latitude in meeting the rules governing litigation," we "need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief" (citations omitted)).

In any event, we discern no legal error in the district court's rejection of Nuzzo's excessive force claim. *See Nuzzo*, 494 F. Supp. 3d at 237 (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989) & *Cugini v. City of New York*, 941 F.3d 604, 612 (2d Cir. 2019)). Peace officers violate the Fourth Amendment if they use more force than is "'objectively reasonable' in light of the facts and circumstances confronting them" in effecting an arrest. *Graham*, 490 U.S. at 397 (citations omitted). Application of this standard requires consideration of "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396 (citation omitted). Courts must remain mindful that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 397. Given the district court's factual findings, its application of this legal standard was clearly correct.

We have considered Nuzzo's remaining arguments and find them to be without merit.

Accordingly, we **DENY** the motion to supplement the record and **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court